1
2
3                                                                                O
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10   IRENE G. MIRANDA,                    )   Case No. ED CV 04-828 AN
                                          )
11              Plaintiff,                )   MEMORANDUM AND ORDER
                                          )
12        v.                              )
                                          )
13   JO ANNE B. BARNHART,                 )
     COMMISSIONER OF THE SOCIAL           )
14   SECURITY ADMINISTRATION,             )
                                          )
15              Defendant.                )
                                          )
16   ─────────────────────────────────── )
17                          **I. INTRODUCTION**

18        Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final

19   decision of the Commissioner of the Social Security Administration (the

20   "Commissioner") denying her claim for supplemental security income ("SSI") pursuant

21   to Title XVI of the Social Security Act ("Act").  Both parties have consented to proceed

22   before the undersigned Magistrate Judge. Pursuant to the Court's Case Management

23   Order, the parties have filed a joint stipulation and request for an order summarily

24   deciding the issues concerning remand and/or immediate payment of benefits ("JS").

25        The relevant background facts are familiar to both parties and Plaintiff has

26   stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and

27   accurately summarizes the hearing testimony and medical evidence in the record except

28   as noted in her contentions.

                                  Page 1

In the JS, Plaintiff contends the ALJ erred by: (1) ignoring lay witness testimony, and (2) rejecting the opinions of her treating psychiatrist V. W. Hollis, III, M.D., treating psychologist Tracy Henderson, Ph.D., and primary care physician Jonathan Greer, M.D. The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS as well as the following reasons.

Plaintiff contends that the ALJ erred by ignoring the testimony of Plaintiff's roommate, Evelyn Hernandez, regarding Plaintiff's daily activities. [JS at 3-4.] Ms. Hernandez testified that Plaintiff suffers from pain, dizziness, and drowsiness, spends most of the day in bed, and needs assistance getting out of bed. [Administrative Record ("AR") at 1282-83.] Lay witness testimony should generally not be ignored without comment by the ALJ. *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993). Ms. Hernandez's testimony, however, did little more than corroborate Plaintiff's subjective complaints, which the ALJ properly rejected based on Plaintiff's daily activities and the medical evidence. [AR at 27.] *See, e.g., Books v. Chater*, 91 F.3d 972, 980 (7th Cir. 1996)(ALJ's failure to discuss lay witness testimony that merely reiterated and corroborated claimant's own testimony concerning his activities and limitations was not error where the claimant's testimony was found to be "untenable"). Because Ms. Hernandez's testimony did not constitute a separate line of evidence, the clear and convincing reasons the ALJ gave to discount Plaintiff's testimony also constituted germane reasons for discounting the symptom testimony given by Ms. Hernandez. *See, e.g., Dodrill, id., Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000)(where the same evidence the ALJ used to discount the claimant's testimony also supported discounting the testimony of the claimant's husband, the ALJ's failure to give specific reasons for disregarding the husband's testimony was inconsequential). Moreover, the medical evidence supported the ALJ's decision that Plaintiff was not disabled. [AR at 18-29.] Thus, any error by the ALJ in failing to give specific reasons for disregarding Ms.

1  Hernandez's testimony was harmless. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th

2  Cir. 1984)(holding that an ALJ's failure to discuss lay testimony did not require reversal

3  because the medical evidence supported the ALJ's decision that the plaintiff was not

4  disabled).

5          The ALJ did not err in rejecting the opinions of Drs. Hollis, Henderson, and Greer.

6  While these doctors opined that Plaintiff was unable to work due to her mental condition,

7  the ALJ accepted the opinion of Plaintiff's examining psychiatrist, Linda M. Smith, M.D.

8  [AR at 25, 530, 1141-45, 1241, 1249.]  Dr. Smith found that while Plaintiff may suffer

9  from an adjustment disorder, that condition was not severe enough to impair her ability

10 to work.  [AR at 1145.]  Dr. Smith further found that Plaintiff was not restricted in six

11 out of six areas of functioning.  [AR at 1145.]  Because Dr. Smith's opinion was based

12 on independent, clinical findings, the ALJ's decision to reject the treating doctors'

13 opinions was supported by substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035,

14 1041 (9th Cir. 1989).  In addition, Dr. Hollis' report relates to the time period covered

15 by a previous application for benefits.  [AR at 18, 44-57, 530.]  Thus, the ALJ properly

16 acted within her discretion in refusing to reopen the prior determination.  [AR at 18.]  20

17 C.F.R. § 416.1488.  With respect to Dr. Henderson, the ALJ summarized her findings

18 from Dr. Henderson's only session with Plaintiff in the decision.  [AR at 24.] The ALJ

19 noted, however, that Plaintiff did not follow up with recommended treatment or therapy.

20 *See Flaten v. Secretary*, 44 F3.d 1456, 1464 (9th Cir. 1995)(explaining that the ALJ was

21 entitled to draw rational inferences from general lack of treatment in finding the claimant

22 not disabled).  Finally, the ALJ found that Dr. Greer's opinion of disability was premised

23 on Plaintiff's subjective complaints and was not supported by his own treatment records,

24 clinical findings or other objective evidence.  [AR at 25.]  *See Matney v. Sullivan*, 981

25 F.2d 1016, 1019 (9th Cir. 1992)(finding that ALJ may reject the opinion of a treating

26 physician if it is conclusory and brief and unsupported by clinical findings); *Morgan v.*

27 *Commissioner of Social Security*, 169 F.3d 595, 602 (9th Cir. 1999)("A physician's

28 opinion of disability 'premised to a large extent upon the claimant's own accounts of his

Page 3

1   symptoms and limitations' may be disregarded where those complaints have been

2   'properly discounted.'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)).

3   Thus, the ALJ's decision to disregard the opinions of disability expressed by Dr. Hollis,

4   Dr. Henderson, and Dr. Greer was supported by substantial evidence.

5                                    **III.  CONCLUSION**

6         Accordingly, the Court finds the ALJ's determination of non-disability is free of

7   legal error and supported by substantial evidence in the record. Therefore, Plaintiff's

8   request for an order directing the payment of benefits or remanding this case for further

9   proceedings is DENIED, and the Commissioner's request for an order affirming the

10  Commissioner's final decision and dismissing the action is GRANTED.  The clerk shall

11  enter judgment, close the file and terminate all pending motions.

12

13  DATED:       October 28, 2005          /s/ Arthur Nakazato

14                                         ARTHUR NAKAZATO
                                           UNITED STATES MAGISTRATE JUDGE